IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

HOLLI WRICE,

    Defendant.

Case No. 10-cr-40065-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on Wrice's motion to reconsider this Court's order (Doc. 68) denying Wrice's motion requesting the Court extend the deadline for her to file a notice of appeal (Doc. 91). The Court construes Wrice's motion as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b).

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by*

*"Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table).  Furthermore, ignorance of a litigant or attorney is not appropriate grounds for relief under Rule 60(b).  *McCormick*, 230 F.3d at 327.

After a review of Wrice's motion, the Court finds that relief under Rule 60(b) is inappropriate.  The Court believes, however, that Wrice intends to invoke 28 U.S.C. § 2255 because the relief she seeks is only available through such a motion.  However, the Court is hesitant to construe this as a § 2255 motion without a clear indication that Wrice intends to invoke that statute.  "[T]he court cannot so recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing."  *Castro v. United States*, 540 U.S. 375, 377 (2003).

The Court **WARNS** Wrice that if she does not file a motion to withdraw her pending motion on or before February 25, 2013, the Court will construe it as a § 2255 motion and Wrice will then be subject to the second or successive filing requirements contained in 28 U.S.C. § 2255, ¶ 8.

**IT IS SO ORDERED.**

**DATED:** January 30, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
